# Boggs v. Methodist Hospital

On July 11, 1979, plaintiff filed a motion for sanctions against additional defendant Emergency Medical Association (Association). The Association filed an answer to motion for sanctions on July 10, 1979. Plaintiff's additional reply to defendant's answer was filed on July 12, 1979.

In a letter to the Association's counsel and later in this motion, plaintiff has made a broad request for ". . . inspection and photocopying all records, files, investigations, witnesses' statements, defendant's

statements, claims files, investigation file, photographs, diagrams, expert reports and all other pertinent and relevant records obtained or prepared regarding the above-captioned matter, as well as a typed record of any tapes or transcribed statements or memoranda of any witnesses or parties. . . ."

The Association's only opposition to the motion is that its counsel did not enter a formal appearance on its behalf until 33 days after the date on the requesting letter. This will not serve to defeat the motion, because the Association counsel had indicated prior to plaintiff's letter his intention of representing the Association and he had already entered his appearance for the other additional defendant.

The witnesses' statements, photographs and diagrams within defendants' possession, custody or control are discoverable by a written request: Pa.R.C.P. 4003.3, 4003.4 and 4009.

The proper procedure to compel disclosure of expert reports prepared in anticipation of litigation is set forth in Pa.R.C.P. 4003.5. Only those expert reports not prepared in anticipation of litigation (e.g., reports prepared solely for use by a physician in planning the medical care of a patient) are discoverable through Pa.R.C.P. 4009: Boggs v. Methodist Hospital, M79-0311 (opinion of administrator, dated June 21, 1979).

Plaintiffs also seek to discover "defendant's statements." Pa.R.C.P. 4003.4 specifically provides only for the production upon request, of witnesses' statements and the statements of the requesting party. The attorney-client privilege continues to protect communications of a party to *his* attorney. See 42 Pa.C.S.A. §5928; 10 Goodrich-Amram 2d §4011(c):1. However, statements by a party other than to his own counsel would be dis-

coverable under Pa.R.C.P. 4003.4, because the parties are also witnesses of actions or inaction upon which the cause of action arose.

The scope of discovery is limited by Pa.R.C.P. 4003.3:

". . . The discovery shall not include disclosure of the mental impressions of a party's attorney or his conclusions, opinions, memoranda, notes or summaries, legal research or legal theories. With respect to the representative of a party other than the party's attorney, discovery shall not include disclosure of his mental impressions, conclusions or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics."

However, the limitations in Pa.R.C.P. 4003.3 will not prevent the production of a document from a file, merely because another document from the same file is not discoverable. Where a portion of a document is discoverable and a portion is protected from discovery, a clear photocopy of the discoverable portion shall be produced.

Accordingly, we enter the following

## ORDER

And now, August 13, 1979, upon consideration of the motions for sanctions filed July 11, 1979, the remainder of the record, and the new discovery rules, it is hereby ordered and decreed that within 30 days from the date this order is certified from the record, additional defendant Association shall produce for inspection and photocopying at a mutually selected location any and all records, files, investigations, witnesses' statements, defendants' statements, claims files, investigation file, photographs,

diagrams, expert reports not prepared in anticipation of litigation, and all other pertinent records obtained or prepared regarding this action as well as a typed record of any tapes or transcribed statements or memoranda of any witnesses or parties, consistent with the above opinion.

Failure to comply with this order shall result in the entry of a default judgment or other appropriate sanctions upon petition of plaintiff.